**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE: : | |
| : | |
| INTERNATIONAL : | |
| MANAGEMENT ASSOCIATES, : | CIVIL ACTION NO. |
| LLC, *et al.* : | 1:13-CV-2067-RWS |
| : | |
| Debtor. : | USBC ND GEORGIA |
| : | Case No. 06-62966 |
| _____ : | (Substantively Consolidated) |
| : | |
| GEORGE RUSSELL CURTIS, : | Adversary Proceeding |
| SR., LIVING TRUST, GEORGE : | No.: 08-06215 |
| RUSSELL CURTIS, SR., BETTY : | |
| CURTIS, : | |
| : | |
| Appellants, : | |
| : | |
| v. : | |
| : | |
| WILLIAM F. PERKINS, in his : | |
| capacity as Plan Trustee for the : | |
| substantively consolidated, post : | |
| confirmation estate of International : | |
| Management Associates, LLC, : | |
| : | |
| Appellee. : | |

# **ORDER**

This case is before the Court on appeal from the United States

Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy

Court"). After reviewing the record, the Court enters the following Order.

On May 8, 2013, the Bankruptcy Court entered a Stipulated Judgment in favor of Appellee, William F. Perkins, in his capacity as Plan Trustee (the "Trustee") for the substantively consolidated, post-confirmation estate of International Management Associates, LLC ("IMA"), and against Appellants, investors who profited from the alleged IMA Ponzi scheme, for: (i) the avoidance of a wire transfer that IMA made to Appellants on January 10, 2006 in the amount of $200,000 (the "January Transfer") pursuant to 11 U.S.C. §§ 544(b), 547(b), 548(a)(1)(A), and 548(a)(1)(B); (ii) the recovery of the January Transfer pursuant to 11 U.S.C. §550(a)(1); and (iii) an award of plus pre-judgment interest and costs.

Appellants filed the present appeal asserting that the Bankruptcy Court erred and abused its discretion in admitting into evidence the testimony and document compilations of the Trustee over the objections of Appellants at the "Ponzi scheme trial" held on January 24, 2013. Appellants assert that in the absence or exclusion of the testimony and document compilations of the Trustee, there is insufficient evidence to support the Bankruptcy Court's decision that Kirk Wright operated IMA as a Ponzi scheme during the period of October 1, 1997 through February 17, 2006. Appellants urge the Court to

2

reverse the decision of the Bankruptcy Court because of its reliance on the decision that Kirk Wright operated IMA as a Ponzi scheme during the period of October 1, 1997 through February 16, 2006.

The heart of Appellants' argument is that the Bankruptcy Court improperly admitted the Trustee's exhibits that were Rule 1006 summaries. Rule 1006 of the Federal Rules of Evidence permits a party to use a summary to prove the content of voluminous writings or records that cannot be conveniently examined in court. "The materials or documents on which a Rule 1006 exhibit is based must be made available for examination or copying. . .by other parties. . ., but need not be admitted into evidence. If they are not introduced, however, those materials or documents must be admissible under the Federal Rules of Evidence." Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1160 (11th Cir. 2004) (internal citations and quotations omitted). Appellants argue that the IMA records that served as the underlying evidence for the summaries were not admissible because the Trustee could not testify within his personal knowledge as to records prior to the time the Trustee's involvement with IMA began on February 17, 2006. To be deemed admissible, Appellants assert that the underlying evidence must be authenticated pursuant

3

to either Rule 901 or 902. Because of the Trustee's lack of personal knowledge, Appellants assert that he could not authenticate the documents.

Appellants' position misses the point of summary exhibits. The idea behind these exhibits is that the underlying evidence need not be admitted at trial. In order to use a summary, a party need only show that the documents would have been admissible. Trustee's testimony showed that he had personal knowledge sufficient to identify and authenticate the records that are the source of the summary exhibits. (Tr. at 30-31, 32-33). The Trustee also formally examined, deposed, and interviewed IMA's principals, office manager, and other employees regarding the contents of IMA's documents. See, e.g., Tr. at 32: 7-14; 38-43; 40-43; 50; 52. Even if the Trustee's testimony would not have been sufficient, the persons that he interviewed concerning the record could have been subpoenaed to testify concerning the authenticity of the records and to establish they qualified as business records under Rule 803.

It is undisputed that the Trustee made the records available to Appellants before the trial. It is also uncontested that the records were substantial and that presentation of the information contained therein through summaries was appropriate.

Reviewing the Bankruptcy Court's decision regarding admissibility of

4

evidence under an "abuse of discretion" standard, the Court concludes that the Bankruptcy Court did not abuse its discretion in admitting the summary evidence pursuant to Rule 1006.

Appellants also challenge the Bankruptcy Court's decision that the challenged evidence was admissible under the residual hearsay exception of Rule 807. Rule 807 provides that a hearsay statement is not excluded even if it is not covered by an exception in Rule 803 or 804 if: "(1) the statement has equivalent circumstantial guarantees of trustworthiness; (2) it is offered as evidence of a material fact; (3) it is more probative on the point for which it is offered that any other evidence that the proponent can obtain through reasonable efforts; and (4) admitting it will best serve the purposes of these rules and the interests of justice." Fed. R. Evid. 807(a). The proponent is required to give the "adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it." Fed. R. Evid. 807(b).

The Bankruptcy Court did not abuse its discretion in finding that the Trustee satisfied the requirements of 807(a). Appellants assert that the Trustee was required by Rule 807(b) to give notice of intent to rely on the Rule for the admissibility of the evidence. Appellants cite no Eleventh Circuit authority in

5

support of this argument, nor has the Court found any. Authorities appear to be split on the issue. See Limone v. United States, 497 F. Supp. 2d 143, 163 (D.Mass. 2007) ("Parties are entitled only to notice that evidence will be offered; they do not need to be told all of the possible theories that the evidence may be admitted under"); United v. Ruffin, 575 F.2d 346, 358 (2d Cir. 1978) (Rule 807 "can be utilized only if notice of an intention to rely upon it is given in advance of trial"). The Court concludes that the notice of intent to use the Rule is not required. By its terms, the Rule requires only such notice as is necessary to allow a party to meet the evidence. The notice provided the Trustee satisfied this requirement. Therefore, if deemed inadmissible under Rule 803, the evidence was admissible under Rule 807.

Appellants' remaining issues rely upon their contention that the summary exhibits should not have been admitted into evidence. Appellants assert that without this evidence, the existence of a Ponzi scheme could not be established. Having ruled that the evidence was properly considered by the Bankruptcy Court, the Court concludes that the evidence supports the finding of a Ponzi scheme.

Based on the foregoing, the decision of the Bankruptcy Court is hereby **AFFIRMED**.

6

AO 72A
(Rev.8/82)

**SO ORDERED**, this __1st__ day of July, 2014.

_/s/ Richard W. Story_
**RICHARD W. STORY**
United States District Judge

7